FILED
MAR 01 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 2:21-CR-85 |
| DONALD VARGO | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I.    THE INFORMATION

A two-count Information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Attempted Theft of Mail<br>On or about December 23, 2016 | 18 U.S.C. § 1708 |
| Two | Attempted Theft of Mail<br>On or about December 27, 2016 | 18 U.S.C. § 1708 |

### II.    ELEMENTS OF THE OFFENSES

**As to Counts One and Two:**

In order for the crime of Attempted Theft of Mail, in violation of 18 U.S.C. § 1708, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That on or about the date specified in the Information, the defendant did attempt to steal, take or by fraud or deception obtain the postal matter described in the Information.

> United States v. Lavin, 567 F.2d 579 (3d Cir. 1977); Bunn v. United States, 535 F.2d 1077 (8th Cir. 1976), cert. denied, 429 U.S. 923 (1976); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, §49.02 (1989).

2.  That the defendant did attempt to take or obtain the postal matter while it was under the control or authority of the United States Postal Service.

> United States v. Anton, 547 F.2d 493 (9th Cir. 1976); United States v. Iverson, 637 F.2d 799 (D.C. Cir. 1980); United States v. Fisher, 464 F.2d 581 (9th Cir. 1972); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, §49.02 (1989).

3.  That the defendant knowingly and willfully did attempt to take or obtain the postal matter with the intent to steal it.

> United States v. Lampson, 627 F.2d 62 (7th Cir. 1980); United States v. Ellison, 494 F.2d 43 (5th Cir. 1974); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, §49.02 (1989).

### III. PENALTIES

**As to Counts One and Two: Attempted Theft of Mail (18 U.S.C. § 1708):**

1.  A term of imprisonment of not more than five (5) years (Title 18 U.S.C. §1708);

2.  A fine not more than the greater of;

    (a)  $250,000, Title 18 U.S.C. §3623(a)(3) (effective December 31, 1984, through October 31, 1987); now 18 U.S.C. §3571(b)(3) (effective November 1, 1987);

    or

    (b)  an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the

defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process. Title 18 U.S.C. §3623(c)(1) (effective December 31, 1984, through October 31, 1987); now 18 U.S.C. §3571(d) (effective November 1, 1987);

3. A term of supervised release of not more than three (3) years. Title 18 U.S.C. §3583;

4. Any or all of the above.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774