IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 2:21 cr 0085 |
| | ) | ELECTRONICALLY FILED |
| v. | ) | |
| | ) | |
| Donald Vargo, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant, through his/her Counsel, submits this *Unopposed Motion to Modify Conditions of Release* and respectfully states as follows:

1. On April 13, 2021, the Defendant was Arraigned by the Court and the Court issued an Order releasing the Defendant on conditions, including, a condition of home detention by electronic monitoring with permission, among other things, within the discretion of the United States Probation Office to attend AA and work.

2. The United States Probation Officer supervising Mr. Vargo, Patrick Sumansky, informed him he would be limited to four meetings per week, and that he may not be able to attend AA meetings in Evans City, PA (about 20 minutes from his residence), he would not be able to work more than 40 hours per week, and that his work and AA schedule had to be approved at least 72-hours in advance.

3. Mr. Vargo was released on Thursday, April 7, 2021 from a 25-day in-patient rehabilitation program Oil Regional Recovery Center, Franklin, PA, and, since his release he has been in daily contact with his AA sponsor, attending AA meetings, moving into a sober-living house in Butler, PA (his hometown), and getting his business (laying concrete) up and running again.

4. The Court "may at any time impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). A court when considering release or detention must make an assessment relating to the likelihood a defendant will not appear at future proceeding or that he will be a danger to a person or the community. *Id.* at § 3142(b).

5. Mr. Vargo, for the reasons stated below, is not a threat to commit a crime and he is not a flight risk.

6. While Mr. Vargo has an extensive criminal history it stems from his substance abuse and he is currently sober, attending AA meetings daily, willing and able to undergo any evaluation and treatment the USPO might require, and he is not currently on probation or parole; also in the four years since he was first approached by local and then Federal law enforcement about this case he has not relocated or fled from Western, Pennsylvania.

7. Mr. Vargo intends to attend at least one AA meeting per day on the following rotation: Evans City, PA on Monday; Chicora, PA on Tuesday; Butler, PA on Wednesday; Butler Township, PA on Thursday; Butler, PA on Friday. Mr. Vargo believes the support and catharsis available to him through attending, speaking, and listening at AA meetings is an essential, in fact indispensable, aspect of him staying sober and achieving a stable long-term recovery.

8. Mr. Vargo is self-employed. He works five days a week laying concrete; this includes, visiting sites and issuing bids on jobs, traveling to and from home improvement stores (e.g., Home Depot, Lowes, Tractor Supply Company and the like) from the work site to pick-up supplies specific to a job, framing the area where the concrete is to be poured, pouring and finishing concrete, and remaining at the job site until the concrete is sufficiently set that in his judgment no additional finishing work is necessary.

9. He rarely works fewer than 40 hours per week, and often works as many as 70 hours per week, and the nature of his business – for example, the work-day is often dictated by the weather, quick responses to customer requests for a bids and work, and being dependent on third parties to deliver concrete to jobsites on their schedules – his day is subject to last-minute changes and often entails long-days.  For example, on April 14, 2021, a concrete delivery was scheduled for 1:00 pm, but the supplier pushed the delivery to 2:00 pm, and in order to finish the job he had to request from Mr. Sumansky permission to remain at the job site, which Mr. Sumansky granted but explained it would be unlikely to again make such an accommodation.

10. Mr. Vargo's employment is also essential to him. It provides the money necessary for him to pay his bills month-to-month; he works with his son, who is supportive of his sobriety and, thus, a positive influence; and it between and AA meetings, there is limited time in which he has to violate a bond condition. To use a tired adage, "idle hands are the devil's workshop."

11. Mr. Vargo is amenable to a drug, alcohol, and mental health evaluation, regular drug testing, and providing verification of attendance at AA and documentation (generally photographs or copies of bids, invoices, and job sites) to satisfy the USPO is in fact at AA and working when he states he is doing these things.

12. Mr. Sumansky and Tara Kessler, his supervisor, explained to counsel in a telephone conference that the USPO's policies relating to home detention do not allow for day-of schedule or work location changes because of the difficulty of monitoring a person who is not on a fixed scheduled and moves from place-to-place during the day.

13. Mr. Sumansky and Mr. Kessler explained to counsel a curfew in combination with an electronic monitor would allow Mr. Vargo to work and attend AA as necessary, and the USPO to know whether he is honoring his obligations to the Court.Accordingly, Mr. Vargo is asking the

Order directing that he be released subject to electronic monitoring be vacated and new Order entered directing that he released on a curfew requiring him to be at his residence from 9 pm – 7 am and remain subject to electronic monitoring to ensure compliance with the curfew and retain evidence of attending AA meetings and the work he performs so that it may be examined by the USPO at its discretion.

14. Mr. Sumansky and his supervisor, Ms. Kessler, advised that that they are agreeable to the proposed change in conditions of release.

15. The Assistant United states attorney is not opposed to the proposed change in conditions of release.

WHEREFORE, for the foregoing reasons the conditions of the Defendant's release should modified as requested.

Dated: April 14, 2021                                Respectfully Submitted,

/s/ Chris Capozzi
_____
Counsel for the Defendant
100 Ross Street, Suite 340
Pittsburgh, PA 15219
Tel: 412-471-1648
Fax: 412-592-0340

cc:   All ECF Registered Counsel of Record