IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )   Criminal No. 21-85 |
| DONALD VARGO, | ) |
| | ) |
| Defendant. | ) |

**TENTATIVE FINDINGS AND RULINGS**

On April 13, 2021, Defendant Donald Vargo waived prosecution by indictment and pled guilty to two counts of attempted theft of mail, each in violation of 18 U.S.C. § 1708, as charged in Counts One and Two of the Information in this case. In accordance with the Court's Presentence Order, the U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated June 21, 2021. (Docket No. 23).

Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On July 4, 2021, Defendant filed his Position with Respect to Sentencing Factors indicating that he has no objections to the PIR. (Docket No. 25). The Government did not file a Position with Respect to Sentencing Factors stating any objections to the PIR. Subsequently, the Probation Office prepared an Addendum dated July 9, 2021, wherein it notes the lack of objections from the parties. (Docket No. 26).

*I.   Guidelines Calculations*

The Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines. The Court notes that after the Supreme Court's holding in *United*

*States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:[1]

1. The base offense level for attempted theft of mail, in violation of 18 U.S.C. § 1708, is established by Guideline § 2B1.1(a)(2), which provides for a base offense level of 6.

2. There are no specific offense characteristic, victim-related, role-related or obstruction of justice adjustments that apply.

3. Based on the above, Defendant's adjusted offense level becomes 6.

4. Pursuant to Guideline § 3E1.1(a), Defendant's adjusted offense level is reduced by 2 levels because he has pled guilty and clearly demonstrated acceptance of responsibility for his offense.

5. Therefore, Defendant's total offense level becomes 4.

6. Defendant has 10 criminal history points. Pursuant to Guidelines Chapter 5, Part A, a criminal history score of 10 results in a criminal history category of V.

II. Potential Sentence

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

---

[1] Pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2018. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

1. *Statutory Provision for Custody*:  Pursuant to 18 U.S.C. § 1708, Defendant is subject to a maximum term of not more than 5 years' imprisonment at each of Counts One and Two of the Information.  The offenses are class D felonies pursuant to 18 U.S.C. § 3559(a)(4).

   *Guideline Provision for Custody*:  Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of 4 and a criminal history category of V, the advisory guideline range for imprisonment is 4 months to 10 months, which falls within Zone B of the Sentencing Table.  According to Guideline § 5C1.1(c), if the applicable guideline range is in Zone B, the minimum term may be satisfied by: (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in § 5C1.1(e).

2. *Impact of Plea Agreement*:  The plea agreement has no impact on the calculation of the advisory guidelines range.

3. *Statutory Provision for Supervised Release*:  Pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of supervised release of not more than 3 years at each of Counts One and Two.

      *Guideline Provision for Supervised Release*: Pursuant to Guideline § 5D1.2(a)(2), the authorized term of supervised release is at least 1 year but not more than 3 years at each of Counts One and Two.

4.   *Statutory Provision for Probation*: In accordance with 18 U.S.C. §§ 3561(a) and 3561(c)(1), Defendant is eligible for not less than 1 year nor more than 5 years' probation at each of Counts One and Two.

      *Guideline Provision for Probation*: As to each of Counts One and Two, a term of not more than 3 years' probation is authorized under Guideline §§ 5B1.1(a)(2) and 5B1.2(a)(2).

5.   *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b)(3), Defendant is subject to a fine of not more than $250,000 at each of Counts One and Two.

      *Guideline Provision for Fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $500 to $9,500.

6.   *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100 at each count of conviction, for a total special assessment of $200. The Court notes that the special assessment has yet to be paid.

7.   *Restitution*: Although restitution is mandatory pursuant to 18 U.S.C. § 3663A(a)(1) and Guideline § 5E1.1(a)(1), the Government has advised that no restitution is owed in this case.

### III.    Conclusion

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled on **August 17, 2021 at 10:00 a.m.** Pursuant to the Court's Presentence Order (Docket No. 17), any sentencing memoranda shall be filed by **July 27, 2021** and any responses to same shall be filed by **August 3, 2021.**

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:       July 12, 2021

cc/ecf:     All counsel of record
            U.S. Probation Office